* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. The Full Commission adopts the Opinion and Award of Deputy Commissioner Taylor with modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. On March 7, 2006, plaintiff, was employed by defendant.
2. On March 7, 2006, the parties hereto were subject to the North Carolina Workers' Compensation Act. *Page 2 
3. On March 7, 2006, plaintiff suffered an injury by accident while in the course and scope of his employment with defendant, when a truck in which he was a passenger overturned.
4. On April 12, 2006, plaintiff filed a Form 18, notifying the North Carolina Industrial Commission of the his injury which had occurred on March 7, 2006. Thereafter, defendant paid or caused to be paid for medical expenses pertaining to treatment of the injuries suffered by plaintiff arising from said injury, by the following medical providers: Blue Ridge Bone Joint Clinic and Dr. Sanitate.
5. Plaintiff is currently receiving the statutory minimum weekly compensation rate of $30.00.
6. The following medical records were stipulated as genuine and admitted as evidence in this action:
 a) Blue Ridge Bone Joint records and bills.
 b) Dr. Sanitate's records and bills.
7. The following were received into evidence as stipulated exhibits:
 • Stipulated Exhibit 1 — Temporary Services Agreement between First at Blue Ridge, Inc. and City of Asheville;
 • Stipulated Exhibit 2 — Forms from First at Blue Ridge Inc. — plaintiff's activity log;
 • Stipulated Exhibit 3 — Sanitation time cards from the City of Asheville; and
 • Stipulated Exhibit 4 — Civic Center time cards from the City of Asheville.
8. The only issue for determination is plaintiff's average weekly wage.
 * * * * * * * * * * * *Page 3 
Based upon all the competent evidence from the record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On November 5, 2005, plaintiff began participation in defendant's FIRST program as part of plaintiff's probation arising from criminal offenses of which he had been convicted in Durham County, North Carolina. Plaintiff was enrolled with defendant from November of 2005 through March 17, 2006.
2. The terms of plaintiff's participation in the program were that plaintiff would provide services to defendant on its premises located at 32 Knox Road, Ridgecrest, North Carolina, under the direction of defendant, and that plaintiff would also be placed as directed by defendant to perform temporary work for the City of Asheville.
3. Defendant was a self-sufficient therapeutic community designed to provide rehabilitative services for individuals recovering from chemical dependency. The twelve to eighteen month program provided clinical services to assist with chemical dependency issues and allowed participants to engage in a work release program which was designed to provide training and on-the-job work skills. The work release program also generated revenue to support the program, which provided room and board, in addition to rehabilitation and recovery services. Defendant provides these services at no cost to participants.
4. Plaintiff enrolled in defendant's program in November of 2005 and executed an agreement which confirmed that plaintiff had no expectation to receive any remuneration for the work release programs for which he would provide services.
5. In exchange for the services provided by plaintiff to defendant, defendant agreed to provide for all of plaintiff's needs and other non-monetary allowances. The agreement *Page 4 
between plaintiff and defendant was that plaintiff would receive no monetary payment whatsoever in exchange for plaintiff's services, but in lieu of wages, plaintiff would receive lodging, food, clothing, laundry services, telephone, cable television, transportation and counseling services.
6. Plaintiff worked in defendant's kitchen on a regular basis, including food preparation, servicing and clean up, as well as unloading trucks to stock the kitchen. Plaintiff also provided services such as cleaning the building, sweeping, mopping floors, cutting firewood and other necessary maintenance items on defendant's premises, all under the direction of defendant and as part of the agreement. Plaintiff would sometimes be in charge of other participants, including orientation, training and directing other participants on defendant's premises. The duties plaintiff performed while on defendant's premises were in exchange for room and board and were general activities of living, not employment as defined by N.C. Gen. Stat. § 97-2.
7. As part of the program, defendant provided services to plaintiff similar to that of a temporary employment agency. As such, defendant assigned plaintiff to perform services for the City of Asheville's sanitation department. Plaintiff also provided services for the City of Asheville at the Asheville Civic Center, preparing for shows and providing clean up following events at the Civic Center. Plaintiff regularly attended his job duties with the City between November 10, 2005 and March 7, 2006, when plaintiff suffered an injury by accident while riding in a sanitation truck owned by the City of Asheville and operated by employees of the City of Asheville.
8. With regard to the services provided for the City of Asheville, the specifics of plaintiff's and the other participant's employment were dictated by a contract between the City *Page 5 
of Asheville and defendant. According to that contract, defendant provided temporary workers to the City of Asheville. In return, the City of Asheville provided defendant payment of $8.20 for every hour worked by the assigned employees. The contract specifically stated that defendant was to provide workers' compensation for all assigned employees. In addition, the contract noted that the assigned employees were not to be considered as employees of the City of Asheville, and were exclusively employees of defendant. Pursuant to the contract between the City and defendant, the City paid defendant $8.20 for each hour plaintiff provided temporary services on defendant's behalf.
9. In lieu of providing wages to plaintiff for his work rendered to the City on behalf of defendant, defendant provided rehabilitation services to plaintiff and room and board. The undersigned find that the greater weight of evidence proves that during the time plaintiff provided services for the City of Asheville through defendant's program, plaintiff was an employee of defendant.
10. As a result of the March 7, 2006 motor vehicle accident that occurred while plaintiff was working with the City of Asheville within their sanitation department, plaintiff sustained an injury to his cervical/thoracic spine and right knee. Since March 17, 2006, defendants have paid plaintiff the minimum compensation rate of $30.00 per week for his March 7, 2006 injury by accident.
11. As a result of plaintiff's injuries, plaintiff's enrollment in defendant's program was terminated and plaintiff is no longer a candidate for re-entry into the program.
12. At the time of the hearing, plaintiff had not reached a medical plateau, but was released to return to work at medium duty with restrictions of no kneeling and no lifting of greater than 50 pounds. *Page 6 
13. In determining plaintiff's average weekly wage, methods one and two of determining plaintiff's average weekly wage pursuant to N.C. Gen. Stat. § 97-2(5), are not applicable as plaintiff worked less than 52 weeks prior to his injury by accident. Due to the exceptional nature of plaintiff's employment with defendant, methods three and four would not be fair and just to both parties. Therefore, the undersigned find that method five of determining plaintiff's average weekly wage is the most accurate and fair and just method.
14. Pursuant to method five of N.C. Gen. Stat. § 97-2(5), in determining plaintiff's average weekly wage, the undersigned must first determine what amount of hourly compensation plaintiff would have been entitled to were he receiving wages for services provided to the City of Asheville on behalf of defendant. The undersigned find that by assigning plaintiff to jobs with the City, defendant was acting similar to that of an employment agent for plaintiff. Therefore, plaintiff would not be entitled to the full hourly wage of $8.20 that the City paid to defendant for plaintiff's services. Were plaintiff receiving wages, the undersigned find as a matter of equity that plaintiff would have been entitled to be compensated at minimum wage, which was $5.15 per hour at the time of plaintiff's employment with defendant. Defendant, as plaintiff's agent for employment, would have been entitled to receive the remaining $3.05 per hour that plaintiff worked as an administrative fee for placing plaintiff in employment. Although plaintiff was not paid a monetary wage for the services he provided to defendant by working for the City of Asheville, the reasonable value of those services provided to the City of Asheville under the direction of the defendant, is $5.15 per hour. The undersigned find this is a fair and just calculation of plaintiff's hourly wage in order to determine plaintiff's average weekly wage.
15. According to plaintiff's time sheets with the City of Asheville, plaintiff worked for the City a total of 507.9 hours during a period of 16.86 weeks. Therefore, the undersigned *Page 7 
find that the most fair and just computation of plaintiff's average weekly wage is to multiply $5.15 per hour by 507.9 hours divided by 16.86 weeks. Therefore, plaintiff's average weekly wage was $155.14.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant on March 7, 2006. N.C. Gen. Stat. § 97-2(6).
2. During plaintiff's enrollment in defendant's program, plaintiff was only employed within the meaning of N.C. Gen. Stat. § 97-2 from November 10, 2005 through March 7, 2006 during the time period plaintiff was providing temporary services for the City of Asheville on behalf of defendant.
3. As methods one through four are not applicable to this case, method five pursuant to N.C. Gen. Stat. § 97-2(5) is the most fair and just method to determine plaintiff average weekly wage. Pursuant to method five, plaintiff average weekly wage is determined by multiplying the number of hours plaintiff was employed by defendant by the hourly compensation rate plaintiff would have been entitled to divided by the number of weeks plaintiff worked for defendant. Therefore, plaintiff's average weekly wage is $155.14 resulting in a compensation rate of $103.43 per week. N.C. Gen. Stat. §§ 97-2(5); 97-29.
4. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his compensable injury, as may be reasonably required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. § 97-25. *Page 8 
5. As plaintiff has not received a final permanent partial disability rating, this opinion does not address the payment of compensation pursuant to N.C. Gen. Stat. § 97-31.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 A W A R D
1. Subject to the attorney's fee approved below, defendants shall pay temporary total disability compensation to plaintiff in the amount of $103.43 per week for the period from March 7, 2006 and continuing. Defendants shall receive credit for any temporary total disability payments previously made and shall pay any remaining temporary total disability compensation already accrued in a lump sum.
2. Defendants shall pay for medical expenses incurred or to be incurred as a result of plaintiff's compensable injury, as may be reasonably required to effect a cure, provide relief, or lessen the period of disability.
3. A reasonable attorney's fee in the amount of 25% is hereby approved to be deducted from accrued lump sums due plaintiff, and from any future compensation paid to plaintiff by paying every fourth check directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This the 15th day of October 2007.
 S/______________________
 BUCK LATTIMORE
COMMISSIONER *Page 9 
CONCURRING:
S/______________________
BERNADINE S. BALLANCE COMMISSIONER
S/______________________ DANNY L. McDONALD COMMISSIONER *Page 1